TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Corina Parraz

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| Corina Parraz, | Case No.:  1:15-at-1 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *ET SEQ.*;** |
| Kings Credit Services; and DOES 1-10, inclusive, | **2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788, *ET SEQ.*** |
| Defendants. | **JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Corina Parraz, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and violations of the Rosenthal Fair Debt Collection Practices Act, § 1788, *et seq*. ("Rosenthal Act").

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The Plaintiff, Corina Parraz (hereafter "Plaintiff"), is an adult individual residing in Hanford, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, Kings Credit Services (hereafter "KCS"), is a company with an address of 510 N Douty Street, Hanford, California 93230, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by KCS and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     KCS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8.     Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to KCS for collection, or KCS was employed by the Creditor to collect the Debt.

11.    Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     KCS Engages in Harassment and Abusive Tactics**

12.    Within the last year, KCS obtained a judgment against Plaintiff and her husband and began garnishing Plaintiff's wages through her place of employment.

13.    In or around October of 2014, KCS telephoned the Human Resources Department ("HR") at Plaintiff's place of employment regarding the garnishment. During that conversation, KCS informed the HR representative that this was not Plaintiff's debt; it was Plaintiff's husband's debt.   KCS went on to state that Plaintiff's husband makes less money than Plaintiff, which is the reason that KCS is pursuing Plaintiff as opposed to her husband.

3

14.     The conversation between Plaintiff's HR department and KCS caused Plaintiff a great deal of embarrassment and frustration.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

15.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16.     KCS engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

17.     KCS used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

18.     Here, KCS made inappropriate comments to Plaintiff's employer by relaying private information regarding Plaintiff's husband's earning capacity to an uninterested third-party.  These comments are clearly outside the scope of collecting a debt and have no purpose other than to harass and embarrass Plaintiff.

19.     The actions of KCS violate multiple provisions of the FDCPA and entitle Plaintiff to an award of damages.

4

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

20.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The Rosenthal Act prohibits unfair and deceptive acts and practices in the collection of consumer debts.

22.     KCS, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

23.     Cal. Civ. Code § 1788.12(a) prohibits a debt collector from "communicating with the debtor's employer regarding the debtor's consumer debt unless such communication is necessary to the collection of the debt."

24.     Here, KCS made inappropriate comments to Plaintiff's employer by relaying private information regarding Plaintiff's husbands earning capacity to an uninterested third-party.  These comments are clearly outside the scope of collecting a debt and have no purpose other than to harass and embarrass Plaintiff.

25.     Defendants did not comply with the provisions of Title 15, § 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

26.     The actions of KCS violate multiple provisions of the Rosenthal Act and entitle Plaintiff to an award of damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants as follows:

> A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
>
> B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
>
> C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);
>
> D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);
>
> E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b); and
>
> F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  January 2, 2015                    TRINETTE G. KENT

                                By:   _/s/   Trinette G. Kent_
                                Trinette G. Kent, Esq.
                                Lemberg Law, LLC
                                Attorney for Plaintiff, Corina Parraz